NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 260285-U

NOS. 4-26-0285, 4-26-0286 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* C.T. and C.H., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Adams County |
|       Petitioner-Appellee, | ) | Nos.  25JA42 |
|       v. | ) |      25JA43 |
| Carlye H., | ) | |
|       Respondent-Appellant). | ) | Honorable |
| | ) | John C. Wooleyhan, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court vacated the adjudicatory and dispositional orders, finding the trial court erred when denying respondent's request for court-appointed counsel.

¶ 2    In September 2025, the State filed a petition for adjudication of wardship pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2024)), contending C.T. (born July 2019) and C.H. (born September 2025) were neglected or abused. Prior to the adjudicatory hearing, respondent, Carlye H., the minors' mother, filed a written motion requesting court-appointed counsel. At the adjudicatory hearing, the trial court did not appoint counsel and denied respondent's request for a continuance. Following the hearing, respondent was found unfit. Following a dispositional hearing, the minors were made wards of the court, and respondent appealed. On appeal, she contends the court erred when denying her request for counsel and a continuance at the adjudicatory hearing. We find the court erred when

denying her request for appointment of counsel. We vacate the adjudicatory and dispositional orders and remand the matter for further proceedings.

¶ 3                                     I. BACKGROUND

¶ 4        On September 5, 2025, the State filed a petition for adjudication of wardship pursuant to section 2-3(1)(b) of the Juvenile Court Act (*id.*), contending the minors were neglected or abused. The petition alleged respondent gave birth to C.H. at 30 weeks by way of emergency surgery. Respondent informed hospital staff she had taken an "abortion drug to induce labor." She tested positive for methamphetamine. The following day, she left the hospital against medical advice without naming C.H., who was subsequently taken to a different hospital. Respondent did not travel with C.H. and did not respond to attempts to contact her made by the Illinois Department of Children and Family Services (DCFS). Following a hearing, the trial court entered a temporary custody order placing the minors in the custody of DCFS.

¶ 5        Respondent appeared before the trial court in October 2025 and requested a continuance to retain an attorney. When respondent appeared before the court in November 2025, she stated she would represent herself until she could afford to pay for an attorney. On December 2, 2025, respondent filed a motion requesting the appointment of a public defender. In her motion, she stated she met the requirements for court-appointed counsel and requested the court find her indigent and appoint a public defender.

¶ 6        The parties appeared before the trial court on December 16, 2025, for an adjudicatory hearing. The court addressed respondent's motion by stating she could submit an affidavit of assets and liabilities. The court stated:

        "We are going to have to go ahead with the hearing today. The law

        requires that these hearings be held within a certain number of days after

the petition was first filed. We're already beyond that time, so we need to go ahead.

Based on the information that you provide, if counsel is appointed for you, that would be your counsel after today. We would have to go forward today."

¶ 7 Respondent indicated she had further motions and supporting evidence she was unable to file. She then requested a continuance to get them properly filed, which the trial court denied. Following a hearing, the court entered an adjudicatory order, finding the minors neglected. The court's written order specifically noted respondent had "tested positive for illicit drugs at [the] time of [C.H.'s] birth" and left him at the hospital.

¶ 8 Immediately following the hearing, respondent filed an affidavit of assets and liabilities, and the trial court appointed counsel to represent her. The matter proceeded to a dispositional hearing in March 2026. Following the hearing, the court entered a dispositional order, making the minors wards of the court. The court's written order found respondent unfit and cited her methamphetamine use, "mental health concerns," and failure to engage in services.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, respondent argues the trial court erred when it (1) failed to appoint counsel for her prior to commencing the adjudicatory hearing and (2) denied her subsequent request for a continuance. For the reasons that follow, we vacate the adjudicatory and dispositional orders and remand the matter for a new adjudicatory hearing wherein respondent may be represented by counsel.

¶ 12 Respondent contends the trial court failed to comply with section 1-5(1) of the

Juvenile Court Act (*id.* § 1-5(1)), which required the appointment of counsel prior to the adjudicatory hearing. She notes her written motion requesting the appointment of counsel occurred 14 days prior to the adjudicatory hearing. She concedes the adjudicatory hearing had already commenced after the 90-day statutory deadline pursuant to section 2-14(b) of the Juvenile Court Act (*id.* § 2-14(b)). However, she argues the need to commence the adjudicatory hearing pursuant to section 2-14(b) cannot provide a basis for failing to appoint her counsel because not all parents had been served with process prior to the hearing. She cites section 2-15 of the Juvenile Court Act (*id.* § 2-15(1)), which requires that all respondent parents must be served with process. Specifically, she notes the State's petition identified the father of C.H. as unknown while also naming a putative father. From here, she further notes there had been no notice of publication for any unknown fathers of C.H. Respondent concludes the adjudicatory hearing could not have legally proceeded without proper service to any unknown fathers, thereby creating no urgency to commence the adjudicatory hearing.

¶ 13　　　　The State argues respondent lacks standing to raise her lack of service argument or has otherwise forfeited this argument by failing to raise it before the trial court. In the alternative, the State contends there was an urgent need to commence the adjudicatory hearing.

¶ 14　　　　Our supreme court has already stated clearly, a party may only object to issues of personal jurisdiction or improper service of process "on behalf of himself or herself." (Internal quotation marks omitted.) *In re M.W.*, 232 Ill. 2d 408, 427 (2009). Therefore, respondent cannot successfully contend any error occurred by raising improper service upon any unknown fathers. She essentially seeks to circumvent this problem by noting the improper service issue to argue no urgency existed for the trial court to insist on holding the adjudicatory hearing. We find our supreme court's holding from *M.W.* is clear and we decline to address respondent's improper

service argument on appeal.

¶ 15    Nonetheless, the issue of whether she had been improperly denied the appointment of counsel remains. The Juvenile Court Act provides any parent subject to proceedings under the Juvenile Court Act has the right to be represented by counsel. *In re Br. M.*, 2021 IL 125969, ¶ 41 (citing 705 ILCS 405/1-5(1) (West 2016)). Section 1-5 states the trial court "shall" appoint counsel "[a]t the request of any [parent] financially unable to employ counsel." 705 ILCS 405/1-5(1) (West 2024). A parent may waive the right to counsel and proceed *pro se*. *In re Davion R.*, 2019 IL App (1st) 170426, ¶ 69.

¶ 16    Here, respondent had initially requested a continuance to retain private counsel in October 2025. In November 2025, she elected to proceed *pro se* until she could afford to hire private counsel. However, on December 2, 2025, she filed a written motion requesting the appointment of counsel. Her verified motion indicated she was indigent and qualified for court-appointed counsel. The trial court responded by informing respondent she should complete an affidavit of assets and liabilities prior to it considering the appointment of counsel. Immediately following the hearing, respondent completed the affidavit, and the court appointed counsel for her. At the time of the hearing, however, the court insisted on holding the adjudicatory hearing because the 90-day deadline to commence the hearing had already lapsed.

¶ 17    The Juvenile Court Act requires the adjudicatory hearing to commence within 90 days of the date of service of process upon the minor and parents. 705 ILCS 405/2-14(b) (West 2024). Respondent states the 90-day deadline to hold the hearing was December 4, 2025. The Juvenile Court Act states, "Upon written motion of a party filed no later than 10 days prior to hearing, or upon the court's own motion and only for good cause shown, the Court may continue the hearing for a period not to exceed 30 days." 705 ILCS 405/2-14(c). Respondent filed her

motion 14 days prior to the scheduled hearing and 2 days prior to the 90-day statutory deadline.

¶ 18    We recognize respondent had informed the trial court she intended to represent herself, but she qualified her *pro se* status by noting it would only be until she could afford private counsel. Her statement to the court in November 2025, along with her written motion in early December, should have alerted the court to her plausibly indigent status. It would not have taken long for respondent, once she was made aware of the requirement, to complete the affidavit of assets and liabilities and for the court to review it to determine whether she qualified for court-appointed counsel. In fact, this process occurred the same day, immediately following the adjudicatory hearing. Therefore, it could have occurred prior to the adjudicatory hearing.

¶ 19    We understand the 90-day deadline to commence the adjudicatory hearing is mandatory. See *In re A.R.*, 2025 IL App (4th) 250668, ¶ 62. Indeed, the State responds, in the alternative, there was urgency to commence the adjudicatory hearing. However, when the trial court commenced the hearing on December 16, 2025, the 90-day deadline had already lapsed. Thus, the matter was already noncompliant with section 2-14(b). The failure to comply with 2-14(b) could not be remedied by denying respondent counsel. The record shows respondent requested the appointment of counsel before the hearing and before the deadline. Therefore, we find it was error for the court to deny respondent the right to counsel at the adjudicatory hearing. Accordingly, we vacate both the adjudicatory and dispositional orders and remand the matter to the trial court to hold a new adjudicatory hearing wherein respondent is represented by counsel. Because we have granted respondent the relief she has requested, we need not address her other contention on appeal.

¶ 20                        III. CONCLUSION

¶ 21    For the reasons stated, we vacate the trial court's adjudicatory and dispositional

orders and remand for further proceedings consistent with this order.

¶ 22          Vacated and remanded with directions.